UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON A. HEINTZ,

        Plaintiff,

v.                                                       Case No. 23-cv-1296-bhl

FRANK BISIGNANO[1],
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER GRANTING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)

      Plaintiff Jason A. Heintz's counsel, David B. Goetz, has filed a motion for the award of attorney's fees pursuant to 42 U.S.C. §406(b) to be paid out of past-due benefits due Plaintiff in the amount of $23,941.73. (ECF No. 16.) Counsel conferred with the Commissioner's counsel who responded by email that "the Commissioner neither opposes nor supports this motion." (*Id.* at 1.) For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

      Plaintiff and counsel entered into a fee agreement providing for attorney's fees in the amount of 25% of any past due Social Security Benefits and Supplemental Security Income benefits awarded to Plaintiff. (ECF No. 16-1.) Counsel provided legal service as agreed, and on December 6, 2023, this Court reversed the decision of the Commissioner denying disability benefits and remanded the case for further administrative proceedings pursuant to 42 U.S.C. §405(g). (ECF No. 10.) On January 29, 2024, the Court awarded Plaintiff $1,065.95 for attorney's fees and expenses in full satisfaction of any and all claims that may be payable to him in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. (ECF No. 15.) Counsel,

---

[1] Frank Bisignano was confirmed as Commissioner of the Social Security Administration on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

however, received $941.73, due to a $124.22 offset by the U.S. Treasury due to a debt owed by Plaintiff. (ECF No. 16 at 1, n.1.)

On January 5, 2026, the Commissioner issued a notice withholding $32,326.50 from Plaintiff's past-due benefits "in case we need to pay the lawyer." (ECF No. 16-2 at 4.) Counsel seeks fee of $23,941.73 less the EAJA fee previously received of $941.73, for a net §406(b) fee in the amount of $23,000.00. Counsel spent at least 16.9 hours representing Plaintiff before this Court. (ECF No. 16-3.)

## ANALYSIS

Section 206(b) of the Social Security Act, codified at 42 U.S.C. §406(b), governs the award of attorney's fees under Title II of the Act and limits them to twenty-five percent of past-due benefits. The relevant part of the section provides: "Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow . . . a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §406(b)(1)(A) (emphasis added). Where the claimant and attorney enter into a contingency fee arrangement, the Court may award a fee "up to that provided in the contract so long as the court has reviewed its reasonableness." *McGuire v. Sullivan*, 873 F.2d 974, 980-81 (7th Cir. 1989) (citation omitted).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 800 (2002), the U.S. Supreme Court observed that the contingency fee contract is "the most common fee arrangement between attorneys and Social Security claimants" and concluded that Section 406(b) compels the district courts to accept the "primacy" of such fee agreements. In *Arnold v. O'Malley*, the Seventh Circuit stated:

> [A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction.

106 F.4th 595, 601 (7th Cir. 2024).

42 U.S.C. §406(b) specifically provides that the total fee for the federal court representation may not exceed twenty five percent of the total of the past-due benefits to which the claimant is entitled by reason of the judgment. The fee requested in this case does not exceed 25% of the past-due benefits payable to Plaintiff. In fact, counsel is seeking less than the 25%.

In this case, the Commissioner determined that Plaintiff became disabled on April 1, 2020, resulting in over five years of past-due benefits. (ECF No. 16-2 at 2.) Counsel therefore obtained a favorable result for his client through his efforts and expertise and there is no indication that counsel was responsible for any delay or needless briefing. Counsel has more than thirty years of experience in social security administration law. The effective rate for this case equates to $1,416.67 per hour given the 16.9 attorney hours. This is not unreasonable given awards in other cases in this circuit, the results achieved, and the contingent nature of the case. *See, e.g., Kristopher B. v. Bisignano*, No. 1:23-cv-01625-MJD-MPB, 2025 WL 2258637, at *2 (S.D. Ind. Aug. 7, 2025) (finding an hourly rate of $1,512.27 regarding a Section 406(b) fee reasonable under *Gisbrecht* and other courts within the Seventh Circuit) (collecting cases); *Kirby v. Berryhill*, No. 14-cv-5936, 2017 WL 5891059, *2 (N.D. Ill Nov. 29, 2017) (awarding attorney's fees equating to an effective rate of $1,612.28 per hour).

In *Hill v. Commissioner of Social Security,* the Court, in making its award noted that counsel contended that he "incurred a substantial risk of loss in taking [the] case [as] . . . statistics indicat[e] that Social Security claimants who go to court ultimately prevail only about 35% of the time." No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *3 (N.D. Ind. May 10, 2016) (*citing Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under §406(b)); *see also Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . [and] because there are no settlements."). Given the contingent nature of the fee requested and having reviewed the requested amount for reasonableness, the Court awards Plaintiff's attorney, David B. Goetz, the sum of $23,941.73 as reasonable attorney's fees under 42 U.S.C. §406(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. §406(b), ECF No. 16, is **GRANTED**.

**IT IS FURTHER ORDERED** that Attorney David B. Goetz is awarded attorney's fees in the amount of **$23,941.73**. Upon receipt of these §406(b) fees, Attorney Goetz is to refund to Plaintiff the previously-awarded EAJA fees of **$941.73**.

Dated at Milwaukee, Wisconsin on February 20, 2026.

                                                               s/ *Brett H. Ludwig*
                                                               BRETT H. LUDWIG
                                                               United States District Judge